UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EPHREN WHITE TAYLOR, II                                                           PETITIONER

V.                                                        CIVIL ACTION NO. 3:25-CV-100-DPJ-ASH

WARDEN, FCC YAZOO CITY LOW I                                                      RESPONDENT

ORDER

Petitioner Ephren White Taylor, II brings this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) calculation of sentencing credits under the First Step Act (FSA). Pet. [1] at 6–7. On July 22, 2025, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [23]. Judge Harris recommends dismissing Taylor's petition because the requested relief may not be awarded in this § 2241 action. R&R [23] at 4. Although Taylor filed objections [26] to the R&R, the Court finds that it should be adopted.

I.   Facts and Procedural History

Taylor is serving a 235-month sentence following his guilty plea for conspiracy to commit mail fraud in the United States District Court for the Northern District of Georgia. That sentence was later reduced to 223 months. When Taylor filed his petition, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.[1]

Taylor alleges that BOP "misinterpret[ed]" the First Step Act and "miscalculated" his sentence by incorrectly denying him 515 days of credit under the Act. Pet. [1] at 6. He seeks a

---

[1] BOP has since transferred Taylor to the Federal Transfer Center in Oklahoma City, Oklahoma. *See* Change of Add. [21]. But, "[j]urisdiction [in a § 2241 case] attache[s] on th[e] initial filing for habeas corpus relief [in the district of confinement], and it [i]s not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

sentence recalculation which he claims would change his release date from December 3, 2025, to April 7, 2025. *Id.* at 7–8.

The record gets muddled after Taylor's § 2241 petition. For example, Taylor filed two initial motions to support his petition. *See* Mot. for Suppl. Brief. [9] and Mot. for Suppl. Ex. [10]. Respondent opposed Taylor's petition, and Taylor filed two more motions—one asking the Court to take judicial notice of several documents [12] and one seeking appointment of counsel [13]. Respondent then filed a supplemental declaration responding to those motions, which Judge Harris addressed with an Order [22].

On June 26, 2025, Judge Harris directed Respondent to file a supplemental brief addressing the effect of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and the out-of-circuit case *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1282 n.13 (M.D. Ala. 2024), which applied *Loper Bright*. Order [18] at 3–4. Judge Harris noted that while Taylor raised both *Loper Bright* and *Sharma* to argue that Respondent's reasons for denying his requested relief "are not found" in the statute, Pet'r's Mem. [2] at 1, Respondent never addressed either decision. Order [18] at 4. Judge Harris also instructed Respondent to consider "what, if any, *Skidmore* deference is owed." *Id.* at 18 n.4 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

As permitted by Judge Harris, Taylor filed an anticipatory reply, *see* Pet'r's Reply [20] and Respondent responded on July 10, 2025, Resp't's Resp. [19]. Judge Harris entered the R&R [23] on July 22, 2025, and Taylor objected [26]. Respondent filed its response to the objections and R&R on August 13, 2025. Resp't's Resp. [27].

II.     Standard

Title 28 U.S.C. § 636(b)(1)(C) governs R&Rs. It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations

2

to which objection is made." *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

III.   Analysis

Taylor objects to the R&R because it "failed . . . to address the main issue . . . of the First Step Act by Respondent especially in the area of statutory construction." Obj. [26] at 1. Taylor also challenges the R&R for not discussing "the impact of *Loper* and *Sharma*," even though Judge Harris requested supplemental briefing on the issues they address. *Id.* Requesting additional briefing was within Judge Harris's discretion. But he correctly concluded that § 2241 is not the proper way for Taylor to present his arguments, so it because unnecessary to address these cases or Respondent's interpretation of the FSA. So, like the R&R, this Order focuses on § 2241.

A habeas petition is the "proper vehicle to seek release from custody," and a civil-rights lawsuit should be used "to attack unconstitutional conditions of confinement and prison procedures." *Blackwell v. Warden, FCI Yazoo*, No. 3:24-CV-832-KHJ-MTP, 2025 WL 1370821, at *1 (S.D. Miss. May 12, 2025) (quoting *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (per curiam) (cleaned up)). The Fifth Circuit applies a "bright-line rule" for deciding whether § 2241 applies: "[I]f a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). The Fifth Circuit applied this test in *Maxwell*, when the petition sought "transfer to a halfway house or home confinement." 133 F.4th at 454. The Fifth Circuit held that because "neither form of relief would entitle him to accelerated release . . . the relief he seeks" is unavailable in habeas and "§ 2241 is not the proper vehicle" for these claims. *Id.*

So too here—Taylor's requested relief would not automatically entitle him to accelerated release from BOP custody. As Judge Harris noted, the most credits an inmate may earn toward an "earl[ier] supervised release" from BOP custody is "365 days," or one year. *McLean v. Rivers*, No. 3:23-CV-1750-G-BK, 2024 WL 665858, at *2 (N.D. Tex. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 666070 (N.D. Tex. Feb. 15, 2024); *see* 18 U.S.C. § 3624(g)(3). Taylor has already earned 365 days. *See* R&R [23] at 3. Even excluding the 515 days Taylor disputes, he has still "earned 1,876 program days under the FSA, and the maximum of 365 days have already been credited toward his early release." *Id.*; *see* 2d Landers Decl. [19-1] ¶ 12. Because of this, the 515 days at issue cannot be applied to early release and could only be credited "toward time in prerelease custody." 18 U.S.C. §§ 3632(d)(4)(C), 3624(g). Thus, § 2241 is not the proper way for Taylor to pursue his dispute with the BOP.

District courts within the Fifth Circuit have reached this same conclusion in nearly every instance. *See, e.g.*, *Quintero-Diarte v. Warden, Yazoo City Low*, No. 3:25-CV-93-TSL-MTP, 2025 WL 1343037, at *1 (S.D. Miss. May 8, 2025) (holding prisoner's petition could not be brought under § 2241 because claim that FSA entitled him to serve rest of sentence in prerelease custody "challenge[d] only <u>where</u> he should serve his sentence, not whether or how long he should serve") (emphasis in original)); *Lawrence v. Warden of Seagoville*, No. 3:24-CV-2731-N-BK, 2025 WL 1240765, at *2 (N.D. Tex. Apr. 4, 2025), *report and recommendation adopted*, 2025 WL 1239725 (N.D. Tex. Apr. 29, 2025); *Brenneman v. Salmonson*, No. 5:22-CV-7-RWS-JBB, 2025 WL 957216, at *8 (E.D. Tex. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 914352, at *1 (E.D. Tex. Mar. 26, 2025) (holding that § 2241 was not proper means to seek placement in residential reentry center because it "would not automatically entitle

4

[petitioner] to accelerated release"). *But see Sims v. Warden FNU Rosalez,* No. 1:24-cv-1222, 2025 U.S. Dist. LEXIS 87924 (W.D. Tex. May 8, 2025) (granting § 2241 relief).

In sum, Taylor's petition is better characterized as a challenge to the "conditions" rather than the "fact or duration" of his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). And as Judge Harris correctly concluded, such relief cannot be awarded in a § 2241 action. R&R [23] at 4; *see Blackwell*, 2025 WL 1370821, at *1 (quoting *Maxwell*, 133 F.4th at 454). The Court finds Judge Harris's reasoning and recommendation are correct.[2]

IV.   Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. The Report and Recommendation [23] of United States Magistrate Judge Andrew S. Harris is adopted as the finding and holding of the Court. Consistent with the Report and Recommendation, Taylor's petition [1] is dismissed without prejudice. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Because it is not apparent that Taylor would prevail in a civil-rights suit, the Court will not construe his petition as seeking that relief. Taylor is not, however, foreclosed from pursuing such a claim.